

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2008

# Garcia v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Garcia v. Comm Social Security" (2008). *2008 Decisions.* Paper 1790.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1790

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5102

ANNA MARIE GARCIA
FOR ANTHONY MARRERRO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-cv-04840)
District Judge: Honorable Dickinson R. Debevoise

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,* District Judge

(Opinion filed: January 8, 2008)

OPINION

_____

*Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Ann Maria Garcia, on behalf of her son Donnell Anthony Marrero, appeals the District Court's order affirming a decision of the Commissioner of the Social Security Administration denying Marrero's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. Because we conclude that the Commissioner's decision is supported by substantial evidence, we affirm.

In December 2001, Garcia filed an application for Child's SSI benefits, alleging that Marrero had been disabled since November 2001 due to attention deficit hyperactivity disorder ("ADHD"), learning disabilities, and behavioral problems. That application was denied, and was again upon reconsideration. Garcia then sought *de novo* review before an Administrative Law Judge. The ALJ held a hearing in August 2003 and then denied Garcia's application in October 2003. Garcia thereafter sought review before the Social Security Appeals Council, but the Council denied the appeal.

Upon exhausting her administrative remedies, Garcia filed a complaint seeking review of the Commissioner's decision in the United States District Court for the District of New Jersey. It affirmed the ALJ's decision, and Garcia appeals to us.

We exercise plenary review over legal issues presented in an appeal of a District

Court's decision affirming the Commissioner's denial of SSI benefits.[1] *Allen v. Barnhart*, 417 F.3d 396, 398 (3d Cir. 2005). We review the ALJ's factual findings to determine whether they are supported by substantial evidence. *Id.* "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

To qualify for SSI, a child must be disabled under the Social Security Act. The Act provides that a child under the age of 18 is disabled if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Commissioner follows a three-step sequential process in determining childhood disability, 20 C.F.R. § 416.924: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe

---

[1] The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291.

impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924(d). In this case, the ALJ found that, although Marrero was not doing substantial gainful activity and his ADHD was a severe impairment, his condition did not meet, medically equal, or functionally equal the criteria of any of the impairments listed in the regulations. Accordingly, the ALJ concluded that Marrero was not disabled under the Act.

On appeal, Garcia argues that the ALJ failed to explain how he reached the conclusion that Marrero's impairment did not qualify as a listed impairment in a manner sufficient to comply with *Cotter v. Harris*, 642 F.2d 700, *reh'g denied*, 650 F.2d 481 (3d Cir. 1981). We disagree. We require an ALJ to "fully develop the record and explain his findings," *Burnette v. Comm'r of Social Security*, 220 F.3d 112, 119 (3d Cir. 2000), which is what the ALJ did here. He considered medical reports filed by Marrero's doctors, educational records and reports from Marrero's teachers, and reports from state agency medical consultants and other medical sources. He also drew on Garcia's testimony at the hearing in making his decision. All of the evidence, with the exception of Garcia's own testimony (which the ALJ found to be not entirely credible when weighed against the rest of the record), supported the ALJ's finding that Marrero's impairment did not qualify as a listed impairment for ADHD. In this context, we affirm the judgment of the District Court.